## APPEAL OF ROSHEK BROS. CO. AND ROSHEK REALTY CO.

Docket No. 3360.   Submitted June 17, 1925.   Decided October 5, 1925.

*A. H. Murray, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and LOVE.

This is an appeal from the determination of a deficiency in income and profits taxes for the fiscal year ended January 31, 1920, in the amount of $696.67, all of which is in controversy. No deficiency for the year involved is asserted against Roshek Realty Co. The parties are the same as in appeal, Docket No. 1844, which was heard on April 30, 1925. 2 B. T. A. 260. At that hearing the parties stipulated on the record that the questions of fact there to be determined, except as to the amount of deficiency and the taxable year involved, were identical with the issues raised in the instant appeal, and that

the facts found by the Board in such Docket No. 1844 should apply to this appeal.

### FINDINGS OF FACT.

1. The taxpayers are Iowa corporations with their principal offices in the City of Dubuque. Roshek Bros. Co. was incorporated July 15, 1906, and is engaged in business as a wholesaler and retailer of general merchandise in Dubuque, where it conducts a department store. The Roshek Realty Co. was incorporated in 1918. Its only business is the ownership of a certain building which it leases to Roshek Bros. Co. All the issued capital stock of the taxpayers is owned in equal amounts by two brothers, J. J. Roshek and F. H. Roshek.

2. Roshek Bros. Co. owns a brick business building, finished inside with steel and wood, which it erected in 1907 on ground leased by it for a term of 25 years. The lease included a clause requiring the lessor to purchase the building at the termination of the leasehold at its salvage value as of that date. From 1907 to 1914, inclusive, except for 1910 and 1911, the taxpayer charged off no depreciation on this building or on the furniture and fixtures used therein, but since 1914, including the years involved in this appeal, it has charged depreciation to a depreciation reserve at the rate of 4 per cent annually on the original cost without any regard to the value as of March 1, 1913.

3. For many years it was the custom of Roshek Bros. Co. at the close of each fiscal year to distribute all net earnings to the individual accounts of the two stockholders on the private ledger of the corporation. The stockholders drew at will against such credits, were given notes evidencing the debts of the corporation to them, and were paid interest on the yearly balances in their favor. At the beginning of the fiscal year ended January 31, 1919, such credits amounted approximately to $100,000. On July 24, 1918, the taxpayer issued additional capital stock in the amount of $100,000, all of which was taken by the two Roshek brothers, the only stockholders as of that date, and paid for by charges against the personal credits of such stockholders on the private ledger of the corporation. In its income and profits tax returns for the fiscal years ended January 31, 1918, January 31, 1919, and January 31, 1920, the taxpayer included the amounts of the credits to stockholders herein described in its invested capital as surplus or undivided profits.

4. Upon auditing the income and profits tax returns of the taxpayer for the fiscal year in question, the Commissioner readjusted the depreciation reserve of the taxpayer by the addition of depreciation on the building owned by Roshek Bros. Co. for all the years

in which no depreciation had been taken by the taxpayer, and by reducing the depreciation taken by the taxpayers for the years in question from 4 per cent to 3½ per cent on such building.

#### DECISION.

The determination of the Commissioner is approved. *Appeal of Roshek Bros. Co. and Roshek Realty Co.*, 2 B. T. A. 260.

ARUNDELL not participating.